**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**JOE'S STONE CRAB, INC., Defendant.**

**No. 93–1082–CIV–DTKH.**

United States District Court, S.D. Florida.

March 23, 2001.

Gedety N. Serralta, C. Gregory Stewart, Gwendolyn R. Reams, Delner Franklin–Thomas, Miami, FL, for Plaintiff.

Robert D. Soloff, Fort Lauderdale, FL, Joel S. Perwin, Podhurst, Orseck, Josefsberg, et al., Miami, FL, for Defendant.

## ORDER ON REMAND

HURLEY, District Judge.

**THIS CASE** is before the court upon remand from the United States Court of Appeals for the Eleventh Circuit. *See EEOC v. Joe's Stone Crab., Inc.*, 220 F.3d 1263 (11th Cir.2000) (mandate reissued December 14, 2000). The appellate court ruled, as a matter of law, the record evidence does not support a finding of disparate impact discrimination. Consequently, the Circuit Court reversed and vacated this court's judgment. However, because some of this court's factual findings indicated facially-discriminatory practices by Joe's, and because the appellate court perceived this court may have labored under an erroneous view of Title VII case law, the Eleventh Circuit remanded the case for reconsideration of the EEOC's intentional discrimination claim.

In light of the Eleventh Circuit's clear pronouncement that "[t]o prove the discriminatory intent necessary for a disparate treatment ... claim, a plaintiff need not prove that a defendant harbored some special "animus" or "malice" towards the protected group to which she belongs," *Id.* at 1283–84, this court vacates its previously announced conclusions that (1) "The EEOC has not met its burden of proof under disparate treatment analysis," *EEOC v. Joe's Stone Crab, Inc.*, 969 F.Supp. 727, 735 (S.D.Fla.1997), and (2) "the EEOC has not proved intentional discrimination." *Id.* at 730.

### Supplemental & Restated Findings of Fact

Furthermore, to aid the appellate court in any subsequent review, this court makes the following supplemental and restated findings of fact:

1. The testimony of Cathy Evans, Cassandra Williams and Barbara Mommsen to the effect that owners and managers of Joe's stated they would not hire female food servers was not credible. For this reason the court found, and today reaffirms, that Joe's owners and managers did not have an *express* policy of excluding women from food server positions.

2. "As previously found by the court, 'what prevailed at Joe's, albeit not mandated by written policy or verbal direction, was the ethos that female food servers were not to be hired.' And, in fact, they were not. Prior to the EEOC's intervention, female applicants for food server positions at Joe's had no reasonable likelihood of being hired." *EEOC v. Joe's Stone Crab, Inc.,* 15 F.Supp.2d 1364, 1369 (S.D.Fla.1998) (*quoting EEOC v. Joe's Stone Crab, Inc.,* 969 F.Supp. 727, 732 (S.D.Fla.1997)).

3. Joe's owners delegated complete authority to subordinates to make hiring decisions for food server positions.

4. Joe's subordinate employees, exercising delegated authority, deliberately and systematically excluded women from food server positions based on a sexual stereotype which simply associated "fine-dining ambience" with all-male food service. Thus, the court previously found that "Joe's sought to emulate Old World traditions by creating an ambience in which tuxedo-clad men served its distinctive menu." *EEOC v. Joe's Stone Crab, Inc.,* 969 F.Supp. 727, 733 (S.D.Fla.1997).

5. Although not involved in individual food server hiring decisions, Joe's owners and managers, through their silence, consented to the deliberate and systematic exclusion of women from the serving staff. "Despite what should have been apparent, management never voiced concern nor questioned the hiring staff's decisions.... In this environment, management's silence conveyed approbation." *EEOC v. Joe's Stone Crab, Inc.,* 15 F.Supp.2d 1364, 1369 (S.D.Fla.1998).

6. Joe's *implicit* policy of hiring only male food servers gave rise to a deserved, well-known reputation that Joe's discriminated against female food servers. This reputation, in turn, caused many qualified females not to apply at Joe's for food server positions.

7. The court reaffirms all prior findings of fact set forth in the two previous opinions rendered in this case.

### Conclusion of Law

Based upon the evidence presented at both trials, together with these supplemental and restated findings, in addition to all prior findings rendered in this case, the court concludes that the plaintiff Equal Employment Opportunity Commission has established by a preponderance of the evidence that defendant Joe's Stone Crab, Inc. engaged in intentional disparate treatment sex discrimination. Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that all monetary judgments together with injunctive and other relief set forth in this court's Memorandum Opinion on Monetary Damages and Injunctive Relief, dated August 12th, 1998, are ratified and reinstated.